UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

Y.Z.Y., INC., a Florida corporation,

  Plaintiff,

vs.

USA FEILONG INT'L TRADING CORP., a
New York corporation; BAI SONG CHEN; and
DAVID CHEN,

  Defendants.
_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING, FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION OR MISLEADING ADVERTISING, TRADE DRESS INFRINGEMENT, COMMON LAW UNFAIR COMPETITION, AND SLOGAN INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, Y.Z.Y., INC. ("Plaintiff" and/or "YZY"), who sues the Defendants, USA FEILONG INT'L TRADING CORP., a New York corporation; BAI SONG CHEN; and DAVID CHEN (Individually and respectively "Defendant USA Feilong," "Defendant Bai Song Chen," and "Defendant David Chen," or collectively "Defendants"), hereby alleges as follows:

**PARTIES**

1. Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a Florida corporation, with its principal place of business located within the Southern District of Florida.

2. Plaintiff alleges, upon information and belief, that Defendant USA Feilong is a New York corporation.

3. Plaintiff alleges, upon information and belief, that Defendant Bai Song Chen is an officer and the Chief Executive Officer of Defendant USA Feilong, and as such, authorizes, directs, participates in or controls its business operations, including the wrongful activities alleged herein, and financially benefits from the said activities.

4. Plaintiff alleges, upon information and belief, that Defendant David Chen is an officer and the President of Defendant USA Feilong, and as such, authorizes, directs, participates in or controls its business operations, including the wrongful activities alleged herein, and financially benefits from the said activities.

5. Plaintiff alleges, upon information and belief, that at all times mentioned herein, the Defendants, and each of them, are and were the agents, servants or employees of Defendant USA Feilong and the acts of each Defendant, as alleged herein, are and were performed within the course and scope of that agency, service or employment.

## JURISDICTION / VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement and counterfeiting, false designation of origin and unfair competition, and trade dress infringement, under the Lanham Act (15 U.S.C. § 1051 et seq.); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a) and 1338(a) and (b) over the other claims.

7. This Court has personal jurisdiction over all Defendants since Defendants have committed

the tortious and illegal activities of infringement and unfair competition in this District and within Broward County, Florida, and/or Defendants have sufficient minimum contacts with this District such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have purposefully advertised, offered for sale, sold and have purposely directed or sent to consumers within and to this District products that infringe and counterfeit the trademark and slogan of Plaintiff, and Defendants have purposefully availed themselves of the laws and privileges of this jurisdiction by entering into contracts for the sale of goods with parties residing in the District. Additionally, Defendants have purposefully offered for sale and sold counterfeit and/or knock-off products (described more fully below) knowing or having reason to know that consumers throughout the United States, including within this District, would purchase such counterfeit and/or knock-off products from Defendants, believing that they were authentic goods manufactured, distributed, authorized by, or associated with, or connected to, Plaintiff.

8. Additionally, this Court has supplemental jurisdiction over Defendants because, upon information and belief, Defendants conduct business in Florida and in this District, or have otherwise availed themselves of the privileges and protections of the laws of the state of Florida, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process. Further, the supplemental claims set forth herein arise from the same case or controversy and same operative facts as the action over which this Court has original jurisdiction.

9. Venue is proper, inter alia, pursuant to 28 U.S.C. Section 1391(b) because, upon information

and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District and within Broward County, Florida, and have caused damage to Plaintiff in this District. The infringing and counterfeit products were advertised, sold and purchased in Florida and Defendants purposefully shipped, or authorized the shipment of, infringing and counterfeit products in Florida. Defendants' actions within this District directly interfered with and damaged Plaintiff's commercial efforts and endeavors and harmed Plaintiff's goodwill within this District. Additionally, Plaintiff conducts substantial business within this District.

## GENERAL ALLEGATIONS

10. Since at least as early as 1986, Plaintiff has been engaged in the business manufacturing, distributing and selling, among other goods, fine fragrances for personal use.

11. Plaintiff has, since its early years, created, adopted and used in commerce proprietary brands and slogans for its goods, including its fragrance products. To date, Plaintiff has created more than one hundred seventy five (175) proprietary brands and slogans, and has registered more than seventy five (75) of them with the United States Patent and Trademark Office.

12. One of Plaintiff's United States federally registered trademarks, which was first used in commerce of the United States at least as early as July 25, 2007, and is pertinent to this action includes BLACK POINT, U.S. Reg. No. 3,423,956 ("Mark"). The registration for the Mark is attached as Exhibit A.

13. Plaintiff sells three different versions of BLACK POINT, specifically, BLACK POINT, BLACK POINT (Black Edition), and BLACK POINT (Sport).

14. Genuine sample packaging for the Mark in all versions is attached as Composite Exhibit B.

15. The registration for the Mark covers a variety of fragrances, including, but not limited to, eau de perfume. The Mark has been used continuously in commerce of the United States since its inception. Additionally, the Mark's registration is valid, subsisting, and incontestable under 15 U.S.C. §1065, and renewed.

16. Plaintiff has extensively promoted and marketed, and otherwise used its Mark in commerce of the United States, including within this District.

17. Products bearing Plaintiff's Mark have come to be known by the consuming public throughout the United States as a fragrance of the highest quality. Accordingly, the Mark and the good will associated with it are of extraordinary value to Plaintiff.

18. Consumers of Plaintiff's products are familiar with the Mark, and would likely presume that products bearing it as trademark originate from, or are otherwise associated with, or are authorized by, Plaintiff.

19. Beginning in June, 2022, Plaintiff discovered counterfeit and competing knockoff products ("Infringing Goods") being sold as genuine Plaintiff's products under the Mark by the Defendants. Sample packaging showing counterfeit use of the Infringing Goods by the Defendants under their versions BLACK POINT and BLACK POINT (Gold) is attached as Composite Exhibit C.

20. Plaintiff acquired samples of the Defendants' counterfeit Infringing Goods shown in Composite Exhibit C.

21. The packaging of Defendants' counterfeit Infringing Goods shown in Composite Exhibit C includes wording that states "Essential Oil manufactured in FRANCE."

22. The Infringing Goods utilize a trade dress packaging that is nearly identical to, or is

confusingly similar with, the trade dress packaging sold by Plaintiff under its Mark.

23. The Defendants' packaging shows use of BLACK POINT in the same or confusingly similar manner as Plaintiff's packaging. For example, the Defendants employ a font that is the same as or is confusingly similar to the words BLACK and POINT as the Plaintiff's font. The layout of the front of Defendants' packaging is the same as or is confusingly similar to that of Plaintiff's packaging in that the word BLACK is above and offset to the left relative to the word POINT; regarding Plaintiff's BLACK POINT version of its genuine goods, the Defendants copied the color of the word BLACK which is in silver, and of the word POINT, which is in white; and, additionally, the Defendants copied the words "Pour Homme" as shown in Plaintiff's genuine packaging identically in that the Defendants' packaging uses the same words and have placed them in the same location relative to BLACK POINT as shown in Plaintiff's packaging. Moreover, Defendants copied the color of the packaging, generally black, and utilize a confusingly similar shape as Plaintiff's packaging, namely, a rectangular cuboid.

24. The Infringing Goods are counterfeit in that they bear the identical mark as Plaintiff's federally registered Mark, namely, BLACK POINT.

25. On August 5, 2022, Plaintiff's counsel sent Defendant USA Feilong and the individual Defendants a cease and desist letter advising them of their trademark infringement and counterfeiting, false designation of origin, trade dress infringement and slogan infringement. In the letter, Plaintiff informed Defendants to cease and desist from advertising and selling the Infringing Goods, and not to spoliate them or otherwise dispossess themselves of the Infringing Goods.

26. Defendant USA Feilong responded to the cease and desist letter through counsel, but took no action to prevent future sales of then ongoing counterfeit and Infringing Goods that were being offered for sale to the consuming public. As a result, Plaintiff took unilateral action to cause continued sales on Amazon.com, Walmart.com and Ebay.com, retail on line stores where it was aware of the wrongful counterfeiting sales, to cease and desist.

27. Upon information and belief, at the time of this filing, the Defendants continue to advertise and offer for sale the Infringing Goods to the consuming public by themselves or through their resellers.

## FIRST CAUSE OF ACTION

**(Trademark Infringement and Counterfeiting, 15 U.S.C. §1114)**

28. Plaintiff hereby incorporates by reference each of the other allegations set forth above in this Complaint as though fully set forth in this cause of action.

29. Defendants' actions as described herein create a likelihood of confusion among the consuming public and constitute direct and/or contributory trademark infringement in violation of 15 U.S.C. §1114(1)(a).

30. As a proximate result of Defendants' trademark infringement, Plaintiff has been damaged in an amount to be proven at trial.

31. Plaintiff alleges upon information and belief that, as a proximate result of Defendants' trademark infringement, Defendants have unlawfully profited in an amount to be proven at trial.

32. At all relevant times, Defendants acted intentionally and/or willfully in using Plaintiff's Mark in its advertising and sales, knowing Plaintiff's Mark belongs to Plaintiff, and that

Defendants were not authorized to use Plaintiff's Mark in the advertising and sales of the Infringing Goods. Plaintiff is therefore entitled to a recovery of treble damages pursuant to 15 U.S.C. §1117(a).

33. Defendants' knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiff to an award of reasonable attorney fees pursuant to 15 U.S.C. §1117(a).

34. Defendants' actions also constitute the use by Defendants of one or more "counterfeit marks" as defined in 15 U.S.C. §1116(d)(1)(B). Plaintiff therefore reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages up to and including $2,000,000 per counterfeit mark per type of goods pursuant to 15 U.S.C. §1117(c)(1) and/or (2).

35. The acts of direct and/or contributory trademark infringement committed by Defendants have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

## SECOND CAUSE OF ACTION

**(False Designation of Origin, False or Misleading Advertising, 15 U.S.C. §1125(a)(1))**

36. Plaintiff hereby incorporates by reference each of the other allegations set forth in Paragraphs 1-27 of this Complaint as though fully set forth in this cause of action.

37. Defendants' actions as described herein constitute direct and/or contributory violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to: (a) cause confusion; (b) cause mistake; or (c) deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or to the origin, sponsorship, and/or approval of such goods by Plaintiff.

38. As a proximate result of Defendants' false designation of origin, or false or misleading

advertising, Plaintiff has been damaged in an amount to be proven at trial.

39. Plaintiff alleges upon information and belief that, as a proximate result of Defendants' false designation of origin, or false or misleading advertising, Defendants have unlawfully profited in an amount to be proven at trial.

40. Upon information and belief, and at all relevant times, Defendants acted intentionally and/or willfully in falsely designating the origin of the Infringing Goods, or falsely or misleadingly advertising and selling the Infringing Goods under Plaintiff's Mark by stating they were manufactured of "Essential Oil manufactured in France," even though the Defendants knew the Infringing Goods were made in China. Plaintiff is therefore entitled to a recovery of treble damages pursuant to 15 U.S.C. §1117(a).

41. Defendants' acts of violating, directly and/or contributorily, Section 1125 have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

## THIRD CAUSE OF ACTION

### (Trade Dress Infringement, 15 U.S.C. §1125(a)(3))

42. Plaintiff hereby incorporates by reference each of the other allegations set forth in Paragraphs 1-27 of this Complaint as though fully set forth in this cause of action.

43. Prior to Defendants' conduct that forms the basis of this Complaint, consumers had come to associate the distinctive trade dress of Plaintiff's packaging sold under its Mark for its fragrance goods.

44. Through its promotional efforts, business conduct, and continuous use of the Mark along with its packaging, Plaintiff has developed a distinctive, non-functional trade dress which has become an asset of substantial value as a symbol of Plaintiff, its high quality goods and

services, and its goodwill.

45. Plaintiff has established valid and enforceable rights in the trade dress of the Plaintiff's Mark and packaging as alleged above.

46. Notwithstanding Plaintiff's preexisting valid and enforceable rights in its trade dress, Defendants, without permission or approval, infringed Plaintiff's trade dress by copying substantial, non-functional elements as a whole of Plaintiff's packaging, including Plaintiff's Mark, to offer, advertise and sell the Infringing Goods.

47. Defendants offer their trade dress Infringing Goods to the same or similar types of consumers as does the Plaintiff.

48. The Defendants are direct competitors of Plaintiff.

49. The trade dress of the Defendants' Infringing Goods are likely to cause consumer confusion and mistake, and to deceive consumers as to the source, origin, or affiliation of Plaintiff's goods sold under its trade dress and the Mark.

50. Plaintiff has a discernible interest in the trade dress of its goods under the Mark, and Plaintiff has been, and continues to be, injured by Defendants' unauthorized and unlawful use of Plaintiff's trade dress.

51. Defendants' unauthorized use of the trade dress of Plaintiff in connection with related and competing Infringing Goods is causing confusion among purchasers and potential purchasers of Plaintiff's goods sold under the Mark.

52. The acts of Defendants described above constitute an infringement and misappropriation of Plaintiff's rights in and to the use of the trade dress of Plaintiff's goods under its Mark, with consequent damages to Plaintiff and the business and goodwill associated with and

symbolized by Plaintiff's trade dress.

53. Defendants' acts of trade dress infringement have caused and are causing great and irreparable harm to Plaintiff, Plaintiff's goodwill, and Plaintiff's exclusive rights in and to the trade dress of Plaintiff's packaging under its Mark, in an amount which cannot be adequately determined at this time and, unless restrained, will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

54. Plaintiff alleges upon information and belief that Defendants' acts of trade dress infringement have been and are being committed with actual knowledge of Plaintiff's prior existing rights in the trade dress of Plaintiff's goods under its Mark, and are willful and in gross disregard to Plaintiff's rights.

55. Plaintiff is entitled to recover any damages proved to have been caused by reason of Defendants' aforesaid acts of trade dress infringement, and to recover enhanced damages based upon the willful, intentional, and/or grossly negligent activities of Defendants.

56. Defendants' acts of violating, directly and/or contributorily, Plaintiff's trade dress have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

## FOURTH CAUSE OF ACTION

**(Florida Common Law Unfair Competition)**

57. Plaintiff hereby incorporates by reference each of the other allegations set forth in Paragraphs 1-27 of this Complaint as though fully set forth in this cause of action.

58. Due to Plaintiff's long and continuous use of its protected Mark and trade dress, Plaintiff has established common law trademark rights in the Mark and in and to trade dress for the

Mark's packaging.

59. Plaintiff and Defendants are competitors in the field of personal care products, specifically fragrances for personal use, as are sold by Plaintiff under its trademarks and the Mark.

60. Defendants have commenced, through advertising, marketing, offering for sale, sale, and the use of an identical or confusingly similar Mark and trade dress to indicate or identify similar services rendered or similar goods advertised and marketed by them in competition with Plaintiff in the same trade areas in which the Plaintiff has already established its Mark and trade dress.

61. Defendants' actions as described herein have misappropriated the advertising idea of Plaintiff to advertise, market, offer to sell and sell its fragrance goods under its Mark and trade dress.

62. Defendants' actions as described herein are in violation of Florida's common law of unfair competition in that they were fraudulent, created a likelihood of confusion among the consuming public, made in bad faith, and intended to deceive, or had the capacity to deceive, consumers thus having a material effect on consumer purchasing decisions to the detriment of Plaintiff.

63. As a proximate result of Defendants' unfair competition, Plaintiff has been damaged in an amount to be proven at trial.

64. Plaintiff alleges upon information and belief that, as a proximate result of Defendants' unfair competition, Defendants have unlawfully profited in an amount to be proven at trial.

65. Defendants' willful acts of unfair competition, misrepresentation, fraud and deceit have unjustly enriched Defendants in violation of Plaintiff's rights.

66. Defendants' acts of unfair competition have caused, and will continue to cause, Plaintiff

irreparable harm unless they are enjoined by this Court.

## FIFTH CAUSE OF ACTION

### (Slogan Infringement)

67. Plaintiff hereby incorporates by reference each of the other allegations set forth in Paragraphs 1-9 of this Complaint as though fully set forth in this cause of action.

68. Plaintiff owns and uses, relative to this Complaint, one slogan in the advertising of its fragrance products in commerce of the United States, namely, BLACK POINT.

69. Plaintiff's slogan comprises a distinctive term or phrase.

70. Plaintiff's slogan further comprises a catchword or catch phrase that is intended to promote and advertise Plaintiff's fragrance products.

71. Defendants, without authorization from Plaintiff, infringed Plaintiff's slogan by advertising the Defendants' goods or causing others to advertise those goods bearing the infringing slogan in order to attract customers to purchase those goods from Defendants.

72. Defendants' actions as described herein create a likelihood of confusion among the consuming public and constitute slogan infringement.

73. As a proximate result of Defendants' slogan infringement, Plaintiff has been damaged in an amount to be proven at trial.

74. Plaintiff alleges upon information and belief that, as a proximate result of Defendants' slogan infringement, Defendants have unlawfully profited in an amount to be proven at trial.

75. At all relevant times, Defendants acted intentionally and/or willfully in using Plaintiff's slogan in their advertising and sales, knowing Plaintiff's slogan belongs to Plaintiff, and that Defendants were not authorized to use Plaintiff's slogan in the advertising and sales of their

goods.

76. The acts of direct and/or contributory slogan infringement committed by Defendants have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Y.Z.Y., INC., hereby respectfully requests the following relief against Defendants, inclusive, and each of them, jointly and severally:

1. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a).

2. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a).

3. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trade dress infringement under 15 U.S.C. §1125(a)(3).

4. In the alternative to actual damages and Defendants' profits for the infringement of Plaintiff's trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), for counterfeit marks, which election Plaintiff will make prior to final judgment, and will seek up to $2,000,000 per mark per product as provided by statute.

5. For an award of Defendants' profits and Plaintiff's damages for claims brought pursuant to this Court's supplemental jurisdiction.

6. Preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, affiliates, subsidiaries and related companies, and all persons acting in concern or participation with it, and each of them, from:

A. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the Infringing Goods identified in the Complaint and any other product which infringes any of Plaintiff's intellectual property, Plaintiff's trademarks, trade dresses, or slogans, including, but not limited to, Plaintiff's Mark or slogan at issue in this action.

B. The unauthorized use, in any manner whatsoever, of any of Plaintiff's intellectual property, Plaintiff's trademarks, trade dresses, or slogans, including, but not limited to, the Plaintiff's Mark and slogan at issue in this action, any variants, colorable imitations, translations, and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

   i. On or in conjunction with any product or service; and

   ii. On or in conjunction with any advertising, promotional materials, labels, hang tags, packaging or containers.

C. The use of any Plaintiff's intellectual property, Plaintiff's trademarks, trade dresses or slogans that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembles, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or

15

        promoted by Defendants originate from Plaintiff, or that said products or goods have been sponsored, approved, licensed by, or associated with Plaintiff or is in some way, connected or affiliated with Plaintiff.

D.    Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendants are connected with, or are in some way sponsored by or affiliated with Plaintiff, purchases product from or otherwise have a business relationship with Plaintiff.

E.    Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

F.    Hiding, disposing of, destroying, spoliating, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hang tags, packaging or containers bearing Plaintiff's Mark, trade dress or slogan or which otherwise refer or relate to Plaintiff or any of Plaintiff's Mark, trade dress or slogan.

G.    Disposing of, destroying, spoliating, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any of Plaintiff's

        Mark, trade dress or slogan or which otherwise refer or relate to Plaintiff or any of Plaintiff's Mark, trade dress or slogan.

7. Pursuant to 15 U.S.C. §1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

8. For an order from the Court requiring Defendants to provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amounts of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires.

9. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff.

10. Pursuant to 15 U.S.C. §1118, requiring that Defendants and all others acting under Defendants' authority at their cost, be required to deliver up to Plaintiff all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing Plaintiff's Mark, trade dress or slogan alone, or in combination with any other word, words, or design(s).

11. For treble damages or profits suffered by Plaintiff as a result of the willful and intentional infringements engaged in by Defendants, under 15 U.S.C. §1117(a) and (b).

12. For an award of Plaintiff's reasonable attorneys' fees.

13. For all costs of suit.

14. For such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: October 4, 2022                         Respectfully submitted,


/Richard S. Ross, Esq./
RICHARD S. ROSS, ESQ.
525 N.E. 14 Avenue
Fort Lauderdale, Florida 33301
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

Florida Bar No. 436630
Attorney for Plaintiff